# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**ELIZABETH BALLESTER**, *et al.*,
    Plaintiffs,

v.                                            2:25-cv-4-KCD-NPM

**CAPTAIN JACK'S AIRBOAT TOURS**,
    Defendant.

---

## ORDER

Plaintiffs Elizabeth Ballester and her three children were injured while passengers on a tour boat owned and operated by defendant Everglades Airboat Management, LLC d/b/a Captain Jack's Airboat Tours. Seeking relief for the injuries caused during that event, the Ballesters initiated this negligence action in January 2025. The parties promptly settled the matter the following month. In late March, they filed a joint notice of settlement under Local Rule 3.09(a). Based on that notice, and pursuant to Local Rule 3.09(b), we docketed the following order on March 25, 2025:

> TEXT ORDER. The parties have filed a Joint Notice of Settlement. (Doc. 7). Accordingly, this action is DISMISSED without prejudice subject to the right of any party within thirty days to file another paper per Local Rule 3.09(b) or to move to reopen the case, which motion the Court would liberally grant. If no such papers have been filed within this thirty-day period, the dismissal of this case shall be with prejudice. The Clerk of Court is now DIRECTED to deny all pending motions as moot, terminate any deadlines, and close the case, subject to reopening if the parties file an appropriate motion within the thirty-day deadline set forth above.

No one filed any other paper within the next thirty days, so by this order, we dismissed the action with prejudice on April 25, 2025.[1] Some three months later, Plaintiffs sought leave to file certain papers under seal, namely a motion to approve the parties' settlement agreement and the agreement itself. But for multiple reasons, we must deny these requests.

We first note that Plaintiffs' requests to seal these items fail to comply with Local Rule 1.11(b)(3)(C) (must establish that redactions, pseudonyms, or other measures are insufficient) and (b)(4) (must supply a legal memorandum), and they violate Local Rule 3.01(j) (no proposed orders without leave).[2] Secondly, if we were called to adjudicate the reasonableness of a settlement, the parties would have to show—by articulating compelling reasons and specific facts—that disclosure would cause a clearly defined and serious injury sufficient to overcome the public's presumptive right to know its adjudicative terms. *See generally Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006).

But most importantly, because the action was dismissed, we lack jurisdiction to take up matters concerning the parties' settlement agreement. The Supreme

---

[1] The local rules of a federal district court are not to be cavalierly disregarded. They are authorized by statute and approved by the circuit court of appeals. *See* 28 U.S.C. § 2071; Fed. R. Civ. P. 83.

[2] Plus, the requests have unnecessary (*see* Fed. R. Civ. P. 5(d)(1)(B)) and improper certificates of service (they purport to be made pursuant to a state rule of judicial administration).

Court—in a unanimous opinion—handed down the seminal decision on this score more than thirty years ago in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). In that matter, the case was dismissed with prejudice without any incorporation of the parties' settlement or any reservation of jurisdiction to address it. *See id*. at 377, 381. A dispute arose about compliance with the settlement agreement, and alluding to its "inherent power," the district court entered an enforcement order, and the Ninth Circuit affirmed. *See id*. at 377. Reversing, the Supreme Court explained:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.
> *Id*. at 377 (internal citations omitted).

With no independent basis for federal jurisdiction over the breach-of-settlement claim (such as diversity jurisdiction), the Court looked to whether enforcement of the settlement might fall within the scope of ancillary jurisdiction and held that it did not. It first reasoned that the facts underlying the breach of the settlement agreement and those underlying the dismissed claim had nothing to do with each other. *See id*. at 380. And here, too, the adjudicative facts underlying the propriety of the settlement (fairness, reasonableness, and absence of collusion) are distinct from those underlying the dismissed negligence claim (duty, breach, causation, injury, and damages). The Court further reasoned that enforcement of the

settlement was not necessary to vindicate the district court's authority. The "only order [there] was that the suit be dismissed, a disposition that [was] in no way flouted or imperiled by the alleged breach of the settlement agreement." *Id*. at 380. Likewise, there is no affront to our authority if the parties do not reach a final settlement agreement; the claims remain dismissed.

As *Kokkonen* instructs, if the parties wish to provide for court action on a dismissal-producing settlement agreement, they can do so. They can request either the incorporation of the settlement into the dismissal or a reservation of jurisdiction to address it. *See id*. at 381. Neither occurred here, so we lack jurisdiction to approve the parties' settlement agreement, let alone seal it. *See DelleChiaie v. United States*, No. 03-CV-222-SM, 2005 WL 2100959, *2–3 (D.N.H. Aug. 30, 2005) (the court lacked jurisdiction to enforce a settlement involving minors—despite having approved it—because its terms were not made a part of the dismissal and there was no reservation of jurisdiction); *D.C. v. Cnty. of San Diego*, No. 18-CV-13-SBC, 2023 WL 8439559, *6–7 (S.D. Cal. Dec. 5, 2023) (same); *Schutjer Bogar, LLC v. Hayes*, No. 1:13-CV-216, 2014 WL 12787222, *3 (M.D. Pa. May 19, 2014) (court lacked jurisdiction to enforce a settlement because the case had been dismissed based on the reported settlement without any reservation or incorporation).

- 5 -

The motions to seal (Docs. 10 and 12) are **DENIED**. The **CLERK** is directed to strike and delete the PDF file located at Doc. 12-1 from the docket (the petition for approval of settlement).

**ORDERED** on October 14, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge